[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13059

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HERNAN PRADA,
a.k.a. Papito,
a.k.a. El Gordo,
a.k.a. Humberto,
a.k.a. Ramazote,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:04-cr-20446-MGC-1

———————————

Before NEWSOM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant Hernan Prada, proceeding pro se on appeal, appeals the District Court's denial of his renewed motion for compassionate release. He argues that his suppressed immune system and the presence of COVID-19 in his facility were extraordinary and compelling conditions warranting his release and that he was a nonviolent offender who had a clean disciplinary record. In response, the Government moves for summary affirmance. It argues that Prada failed to provide medical evidence to support his claims and that Prada's offense conduct did not justify an early release.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones

the due date for the filing of any remaining brief until we rule on the motion.  11th Cir. R. 31-1(c).

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)."  *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  "After eligibility is established, we will review the district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion."  *Id.*

Before the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons (BOP), after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (2017).  The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  *See* First Step Act, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018) (codified as amended at 18 U.S.C. § 3582(c)(1)(A)).

A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Giron*, 15 F.4th at 1348.

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's further crimes, and adequate deterrence. 18 U.S.C. § 3553(a). The district court need not address "each of the § 3553(a) factors or all the mitigating evidence." *Tinker*, 14 F.4th at 1241 (quoting *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2016) (per curiam)). An acknowledgment that the court considered "all applicable § 3553(a) factors" along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient. *Id.* at 1240–41 (quoting *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021)).

"The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *Id.* at 1241 (quoting *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016)). The "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

The policy statements applicable to § 3582(c)(1)(A) are found in United States Sentencing Guidelines Manual (U.S.S.G.)

§ 1B1.13 (U.S. Sent'g Comm'n 2021). In the 2021 Guidelines—as applied at the time of Prada's compassionate release motion—the commentary to § 1B1.13 listed a defendant's medical condition, age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). Medical conditions included when a "defendant is suffering from a terminal illness, or a serious physical or medical condition, a serious functional or cognitive impairment." *Id.* § 1B1.13 cmt. n.1(A)(i) (cleaned up). Medical conditions also included situations where a "defendant is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. n.1(A)(ii). The commentary also contained a catch-all provision, which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13 cmt. n.1(D).

In *United States v. Bryant*, we concluded that the former version of § 1B1.13 applied to all motions for compassionate release filed under § 3582(c)(1)(A), including those filed by prisoners. 996 F.3d 1243, 1247–48 (11th Cir. 2021). Thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *Id.* Next, we concluded that the catch-all provision in the

commentary to § 1B1.13 did not grant to district courts, in addition to the BOP, the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263–65.

The 2023 Guidelines, effective November 1, 2023, amended § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2023). The Sentencing Commission amended § 1B1.13 to clarify that it is applicable to motions by defendants and move the definition of "extraordinary and compelling reasons" to the text of the Guidelines. *See id.* § 1B1.13(a)–(b). It also added language to the medical circumstances qualifying as extraordinary and compelling reasons to include:

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
> > (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> >
> > (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical

> complications or death as a result of expo-
> sure to the ongoing outbreak of infectious
> disease or the ongoing public health
> emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated
> in a timely manner.

*Id.* § 1B1.13(b)(1)(C)–(D).

When reviewing a district court's application of the Guidelines, we apply the version of the Guidelines in effect at the time of the district court's decision. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). We will consider clarifying amendments to the Guidelines but will not apply substantive changes retroactively. *Id.* An amendment altering the text of the Guidelines suggests a substantive change. *Id.* at 1185. In a previous unpublished opinion, we concluded that the amendment to § 1B1.13 was substantive, and, therefore, would not apply retroactively. *United States v. Johns*, No. 23-10156, 2023 WL 8469703, at *4 n.1 (11th Cir. Dec. 7, 2023) (per curiam).

Here, the Government's position is clearly correct as a matter of law. It does not matter whether Prada can argue that he showed an extraordinary and compelling reason to justify his release under the newly amended U.S.S.G. § 1B1.13. His challenge that the District Court abused its discretion in determining that compassionate release was not warranted under the 18 U.S.C. § 3553(a) factors is frivolous because the court determined Prada was a major drug trafficker and posed a threat to the community based on at least one prior threat to one of his counterparts.

8                    Opinion of the Court                    22-13059

Accordingly, we **GRANT** the Government's motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**